D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 983-8999 Phone

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

RECEIVED AUG 19 2008 U.S.D.C. S.D.N.Y. CASHIERS

Judge Berman

08 CIV 7348

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
MARK HUNTER DAVIS and JORELLE
ARONOVICH, on behalf of themselves and
other similarly situated,

          Plaintiffs,

          v.

PALM MANAGEMENT CORPORATION
and PALM RESTAURANT, INC. d/b/a
PALM WEST RESTAURANT, PALM ONE
RESTAURANT, and PALM TOO
RESTAURANT,

          Defendants.
-----------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Palm Management Corporation is a New York limited liability company which owns and operates Palm Restaurant, Inc. Defendant Palm Restaurant, Inc. does business as Palm West Restaurant, Palm One Restaurant, and Palm Too Restaurant, all located in New York City.

6. Plaintiff Mark Hunter Davis was employed by Defendants as a server at Palm One Restaurant within the last three years.

7. Plaintiff Jorelle Aronovich was employed by Defendants as a server at Palm West Restaurant within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is

three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11. Plaintiffs bring the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12.   All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

13.   The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

14.   Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys

who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly forcing and/or the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class to share their tips with non-service employees would economically injure Plaintiffs and violated federal and/or state laws.

22. When Defendants held parties at the restaurants for which Plaintiffs and members of the Class worked as servers, the hosts of these parties typically paid certain fixed gratuities.

23. Defendants retain portions of these gratuities, distributing them to non-service employees.

24. Plaintiffs were not compensated one and one half times their regular rates for hours that they worked in excess of forty per workweek.

25. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

**FIRST CLAIM FOR RELIEF**
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

26. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

27. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

28. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and

7

one half times their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

29. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular rates for hours worked in excess of forty (40) hours per workweek.

30. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. § § 196-d**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

31. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

32. Defendants retained portions of Plaintiffs' tips and Class members' tips and distributed them to non-tipped and/or managerial employees.

33. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

34. Plaintiffs do not seek liquidated damages for this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
       August 19, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____  
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)  
757 Third Avenue  
25th Floor  
New York, NY 10017  
Tel: (212) 688-5640  
Fax: (212) 688-2548

Jeffrey E. Goldman (JG-4693)  
LAW OFFICES OF JEFFREY E. GOLDMAN  
501 Fifth Avenue  
Suite 1900  
New York, NY 10017  
(212) 983-8999 Phone

*Attorney for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.